**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF                           :

ALMACENES LINDA, INC.                      :        CASE NO. 07-130

    DEBTOR                                 :        CHAPTER 11

--------------------------------

FILED & ENTERED

- 5 JUN 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Before the court is Debtor's objection to claim #60 filed by MSD, Inc. ("MSD"), and MSD's request for payment in full of its claim. We grant Debtor's objection, and allow the claim as an unsecured general claim to be paid pursuant to the terms of the confirmed plan, for the reasons that follow.

MSD filed a priority claim #60 due to an outstanding debt for goods sold to debtor before bankruptcy, followed by its request for an order for return of the merchandise, as Debtor was not legally authorized to sell this brand. Debtor agreed to its return, and we considered the matter moot.



A few months later, MSD informed this court the merchandise was never returned due to Debtor's lack of diligence and cooperation. MSD asked for full payment of its claim rather than the return of the merchandise, as it was no longer engaged in this line of business. We scheduled the matter for hearing. Upon MSD's request, and considering it is based in Jerusalem, Israel, we allowed appearance by phone. Our attempts to contact MSD before the hearing to coordinate its appearance via telephone conference failed.[1] Thus, we vacated the hearing, consolidated

---

[1] We received MSD's request for a telephone conference by mail and entered it in the case docket on February 14, 2008. On

2

the matter with Debtor's objection to MSD's claim #60, and ordered Debtor to reply in writing, or the objection would be granted.

MSD replied,[2] repeating its previous allegations without adding new facts or law to support its request for payment in full. Debtor, in turn, argued the merchandise was available for pick up, but MSD failed to do so. Debtor requested an order directing MSD to pick up the merchandise at MSD's cost and expense, in full satisfaction of all claims. In the event that MSD failed to retrieve the merchandise, Debtor requested leave to dispose of the same.

At this point, we have given both parties sufficient opportunity to effect the return or pick up of the merchandise and settle this matter. Furthermore, MSD no longer wants the merchandise, as it has moved on to other business ventures. In light of these circumstances, return of the merchandise is not a viable alternative. Thus, MSD shall receive payment through the reorganization plan according to its allowed claim.



---

February 18 and 19, MSD communicated with the Court's personnel via e-mail, to follow up on this request. Clerk's personnel replied and acknowledged receipt of MSD's e-mail on February 19th. During the following days, our personnel was not able to communicate with MSD via telephone, to coordinate its appearance at the February 26 hearing. Therefore, we granted the request to appear by phone, ordering MSD to call our Courthouse on February 26 at 11:15 a.m. Eastern Standard time so it could participate in the hearing. This order was notified to MSD by regular and e-mail to ensure prompt receipt.

[2] On March 26, 2008, MSD sent an e-mail to the Clerk's perswonnel asking the Court to accept an answer to our order via e-mail. However, the request became moot, as on March 31, 2008, we received MSD's answer tendered through regular mail.

3

Finally, MSD has not met its burden of showing its claim should be classified as an unsecured priority claim entitled to full payment. Therefore, we grant debtor's objection to claim #60 and allow the same as an unsecured general claim.

WHEREFORE, Debtor shall dispose of the merchandise as it sees fit and pay MSD's claim as an unsecured general claim according to the confirmed plan.

**SO ORDERED**, in San Juan, Puerto Rico, on June 5, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge